# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID LAM, et al.,** | ) | **CASE NO. 1:18CV2023** |
| | ) | |
| Plaintiffs, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **THE CITY OF CLEVELAND,** | ) | |
| | ) | |
| Defendant. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #5) of Plaintiff David Lam to Remand this Case to State Court for Lack of Subject Matter Jurisdiction. For the following reasons, the Motion is granted and the above-captioned case is remanded to Cuyahoga County Common Pleas Court. In addition, the Motion (ECF DKT #8) of Plaintiff for Leave to File Reply Brief Instanter and the Motion (ECF DKT #9) of Defendant for Leave to File Sur-Reply Instanter are granted and the Court considered those Briefs in making this decision.

## <u>I. BACKGROUND</u>

On September 5, 2018, Defendant City of Cleveland removed the captioned case on

the grounds that the Complaint invokes federal question jurisdiction.

Plaintiff, David Lam, is a Detective in the Cleveland Police Department and an infantry Captain in the Ohio Army National Guard. He has been employed by Cleveland since 2008; and since 2004, he has been a drilling member of the Ohio Army National Guard. Plaintiff brings this three-count Complaint on his behalf and on behalf of similarly situated individuals who are current permanent public employees of an Ohio municipality or unincorporated township and who are also drilling military reservists who have allegedly not been paid all the State paid military leave they have accrued pursuant to R.C. § 5923.05. Plaintiff also brings this action against a putative defendant class of Ohio municipalities and unincorporated townships that have adopted or promulgated a local ordinance that directly or indirectly eliminates, reduces or limits in any way the State-paid military leave benefit of any of their permanent public employees who are also drilling military reservists.

Plaintiff filed his state court Complaint on August 23, 2018 and filed a notice of amendment as a matter of course on August 24, 2018. On September 4, 2018, the state court granted Plaintiff leave to file a Second Amended Complaint but that pleading was not filed when Defendant removed the matter on September 5, 2018. Regardless, Defendant submits that whichever version the Court deems to be operative, both include causes of action that invoke federal questions. (ECF DKT #9-1 at 9).

Count I seeks a declaratory judgment that Cleveland's ordinances violate the U.S. Constitution and the Ohio Constitution. Counts II and III allege that Cleveland denied Plaintiff a paid military benefit and comparable pay within the meaning of R.C. § 5903.02 and the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA").

Plaintiff argues that his well-pleaded allegations do not present a federal question and are restricted to state-only causes of action.

## II. LAW AND ANALYSIS

### Removal and Subject Matter Jurisdiction

28 U.S.C. § 1441 provides that "an action is removable only if it could have initially been brought in federal court." *Cole v. Great Atl. & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D.Ky. 1990). Put another way, "[a] civil case that is filed in state court may be removed by the defendant to federal district court if the plaintiff could have chosen to file there originally." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). The burden of establishing federal jurisdiction rests upon the removing party. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole*, 728 F. Supp. at 1307 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). A removed case ***must*** be remanded if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). In addition, "[w]here there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D.Ky. 1967); see also *Breymann v. Pennsylvania, O. & D. R.R.*, 38 F.2d 209, 212 (6th Cir. 1930).

Federal district courts are courts of limited jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137 (1803)). "Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the

federal judicial power." *Crabtree v. Wal-Mart*, 2006 WL 897210 at *1 (E.D.Ky. Apr. 4, 2006), slip copy; *Richmond v. Int'l Bus. Machs. Corp.*, 919 F.Supp. 107 (E.D.N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)). Want of subject matter jurisdiction may be raised at any time by the parties or by the Court on its own initiative. Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citing *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988)).

In the absence of diversity, a civil action filed in state court may be removed to federal court only if the claim "arises under" federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Because neither party argues that diversity jurisdiction is present, Plaintiff's claims must arise under federal law in order for this Court to have jurisdiction.

"To determine whether a claim arises under federal law, a court, under the well-pleaded-complaint rule, generally looks only to the plaintiff's complaint." *Gentek Bldg. Prods., Inc. v. The Sherwin-Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007) (citing *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552 (6th Cir. 2005)). For jurisdictional purposes, a claim arises under federal law only if plaintiff's statement of the cause of action affirmatively shows that it is based on federal law. *Beneficial Nat'l Bank*, 539 U.S. at 6-8.

"[T]he scope of removal jurisdiction based on the existence of a federal question" is "identical to the scope of federal question jurisdiction under [28 U.S.C.] § 1331." *Warthman*, 549 F.3d at 1061 (quoting *Long v. Bando Mfg. of Am.*, 201 F.3d 754, 758 (6th Cir. 2000)). "Federal question jurisdiction can be established by showing 'either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'" *Warthman*, 549 F.3d at 1061; *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

In his Second Amended Complaint, Plaintiff alleges that Defendant has denied him a right or benefit to which he is entitled by virtue of his uniformed service in the Ohio Army National Guard. That is, he has been denied his reinstatement, reemployment and employment rights or benefits under R.C. § 5903.02, as those are further defined in the USERRA. (ECF DKT #1-8 at 5).

In the "Common Questions of Law and Fact" section, Plaintiff lists: Whether Defendant's military leave ordinance violates the Ohio Constitution and the United States Constitution; whether Defendant is precluded from drafting, enacting or enforcing ordinances concerning leave for military training in Ohio by R.C. § 5903.02 and the USERRA; whether Cleveland's Collective Bargaining Agreement with the police unions violates R.C. § 5903.02 or the USERRA; and whether the conflicting paid military leave statute and ordinance are both constitutional. *Id*. at 15-16.

Count I seeks a declaration that Cleveland's military leave ordinance is invalid, in part because it violates the U.S. Constitution.

The title of Count II begins: Violation of R.C. 5903.02 (as defined in USERRA) and the title of Count III begins: Violation of R.C. 5903.02 (as described in USERRA).

At Paragraph 31 of the Second Amended Complaint, Plaintiff invokes the state court's jurisdiction over this matter under R.C. § 5903.02.

In pertinent part, R.C. § 5903.02 reads:

(B) Any person whose absence from a position of employment is necessitated by reason of service in the uniformed services, in the Ohio organized militia, or in the organized militia of another state ***has the same reinstatement and reemployment rights in this state that a person has under the "Uniformed Services Employment and Reemployment Rights Act of 1994."*** A person who is denied a reinstatement or reemployment right pursuant to this section ***has a cause of action for the same remedies as a person has under the "Uniformed Services Employment and Reemployment Rights Act of 1994." The court of common pleas***, notwithstanding any sum limitation established by decision of a board of county commissioners pursuant to section 2305.01 of the Revised Code, ***shall have exclusive original jurisdiction for such actions***, unless the defendant is the state, in which case the court of claims shall have exclusive original jurisdiction pursuant to division (C) of this section. (Emphasis added).

In the Second Amended Complaint, as in the previous version, Plaintiff does allege violations of federal law and of the U.S. Constitution. Yet, "[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Warthman*, 549 F.3d at 1064 (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1504-05 (11th Cir. 1996)). Moreover, reference to federal law is not sufficient to establish subject matter jurisdiction where the reference does not establish a federal claim. *Warthman v. Genoa Tp. Bd. Trs.*, No. 2:07-CV-860, 2007 WL 4190771, at *1 (S.D. Ohio Nov. 20, 2007) (holding that reference to the U.S. Constitution to establish a state law claim did not establish a federal question).

Upon a careful reading of R.C. § 5903.02, the Court recognizes that R.C. § 5903.02

places exclusive original jurisdiction in the court of common pleas over causes of action authorized by that provision. That statute provides a plaintiff with an election of remedies either under Ohio law or under the federal Act. In his Second Amended Complaint, Plaintiff Lam affirmatively invokes R.C. § 5903.02, which incorporates definitions from the USERRA and grants a right of action that is equally conferred by the USERRA.

The Court finds, therefore, that Plaintiff's stated causes of action do ***not*** affirmatively arise under federal law. His Second Amended Complaint claims entitlement to remedies offered by R.C. § 5903.02, which provides relief parallel to the USERRA, but which prohibits double recovery.

### III. CONCLUSION

Therefore, construing removal jurisdiction narrowly, and resolving any doubt as to federal jurisdiction in favor of remand, the Court holds that Defendant has not met its stringent burden of establishing federal question jurisdiction. *See Alexander*, 13 F.3d at 948. The Motion (ECF DKT #5) of Plaintiff David Lam to Remand this Case to State Court for Lack of Subject Matter Jurisdiction is granted and the above-captioned case is remanded to Cuyahoga County Common Pleas Court.

**IT IS SO ORDERED.**

                                              s/Christopher A. Boyko
                                              **CHRISTOPHER A. BOYKO**
                                              **United States District Judge**

Dated: November 9, 2018